WIGGINTON, Judge.
Appellant appeals an amended final judgment approving appellee’s final accounting as personal representative of an estate and directing him to distribute the remaining assets in accordance with a proposed schedule. We affirm in part, reverse in part, and remand.
Appellant, as the beneficiary of a portion of the deceased’s estate, has raised several issues relating to appellee’s handling and distribution of estate assets. We find no merit to appellant’s challenges to the trial judge’s approval of appellee’s valuation and distribution of a certain estate asset — the deceased’s residence — and the judge’s determination that appellee, as personal representative, has acted reasonably and in good faith in various transactions relating *1221 to the estate. Therefore, we affirm those portions of the judgment.
However, we do find merit in appellant’s assertion of error in the trial judge’s method of calculating the value of certain securities distributed to appellant as part of its share of the estate. Property distributed in kind is to be valued at fair market value as of the date of its distribution. Section 733.810(l)(a)2., Fla.Stat. In determining the date of distribution, the trial judge agreed with appellee that the securities should be valued as of the date of their actual transfer on the books of the applicable corporation rather than as of the date of appellee’s direction to the broker to effect the transfer. The trial judge based her determination on the ruling in Estate of Sawade v. C.I.R., 795 F.2d 45 (8th Cir.1986), in which, for estate tax purposes, the court found that stock was not distributed to the beneficiary until it was transferred on the books of the corporation.
We decline to apply the Sawade ruling to the instant situation involving only the question of when property is to be deemed distributed for purposes of determining the value of estate assets in order to satisfy or partially satisfy a testamentary devise. Without the benefit of any other controlling authority on this issue having been brought to our attention or discovered through our own research, and in the interest of logic, equity, and function, we hold that in the absence of a contrary provision in the will, the date appellee as personal representative directed the broker to transfer the stock is to be considered the date of distribution. Therefore, we reverse on this issue only and remand to the trial judge for a determination of the value of the stock in question on that date, and for the consequent necessary adjustments, if any, in the final accounting.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BOOTH and ZEHMER, JJ., concur.